**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOEL A. TURNER,<br>    Appellant, | DOCKET NUMBER<br>CH-0752-20-0180-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kurt P. Cummiskey, Esquire, St. Louis, Missouri, for the appellant.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his alleged constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the basis for dismissing the appeal is the appellant's failure to nonfrivolously allege that his working conditions were made so difficult that a reasonable person in his position would have felt compelled to absent himself from the workplace, or that the agency denied him reasonable accommodation or delayed his return to work, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a preference eligible veteran who has been in his current position with the agency since 2012. Initial Appeal File (IAF), Tab 12 at 17-19, Tab 15 at 1. On October 4, 2019, the appellant and his acting supervisor had a verbal altercation. IAF, Tab 10 at 47. A manager held a meeting between the two employees and others on October 17, 2019, during which the appellant denied feeling physically threatened by his acting supervisor, but stated he was "afraid of losing [his] job." *Id.* at 47-48. During that meeting, the appellant and his acting supervisor indicated they could continue to work together. *Id.* at 47.

According to the appellant, on October 18, 2019, his acting supervisor "walked pas[t] him . . . shaking his radio and laughing at him." IAF, Tab 1 at 24. He alleged that he suffered a reaction of acute anxiety and severe stress on

October 25, 2019, due to "management . . . ignoring concerns" about his acting supervisor's ongoing harassment and physical intimidation of him.  IAF, Tab 1 at 29, Tab 7 at 6.

He further alleged that he informed his acting manager that he would be unable to continue working.  IAF, Tab 7 at 6.  According to the appellant, that manager promised to provide the appellant with an Office of Workers' Compensation Programs (OWCP) Form CA-16 after he called her back with his medical provider's name.  *Id.*  Form CA-16, which can only be obtained through the employing agency, guarantees payment for medical examination and treatment an employee requires because of a work-related traumatic injury or an occupational disease or illness.  *See* 20 C.F.R. § 10.300(a); https://www.dol.gov/owcp/dfec/fec-faq.htm (last visited July 31, 2024); *see also* 5 C.F.R. § 1201.64 (stating that the Board may take official notice of matters that can be verified).  The appellant stopped attending work that day and filed OWCP Form CA-1, Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation.  IAF, Tab 1 at 29-30, Tab 7 at 6.  On the Form CA-1, he indicated that he suffered an ongoing injury due to management "ignoring concerns of employee losing job."  IAF, Tab 1 at 29.  From then on, until his eventual return to work, he was granted leave without pay (LWOP) in lieu of sick leave.  IAF, Tab 9 at 58-61, Tab 10 at 29-31.

According to the appellant, the agency effectively refused to provide him with a Form CA-16, despite his manager's promise to him and a December 2019 grievance settlement in which the agency agreed to provide the form.  IAF, Tab 1 at 17, 19, Tab 7 at 6.  Also according to the appellant, after he told his health providers that he needed medical care for an injury incurred at work, they declined to treat him.  IAF, Tab 7 at 6.

The appellant filed this appeal of his alleged constructive suspension and indicated that he was requesting a hearing.  IAF, Tab 1 at 5-6.  He returned to work on February 5, 2020.  IAF, Tab 9 at 53.

In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 16, Initial Decision (ID) at 1-2. She found that the appellant failed to nonfrivolously allege that his only meaningful choice was to be absent or that his absence was caused by the agency's improper actions. ID at 6-7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Involuntary leaves of absence may be appealable under chapter 75. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 19 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31. Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.* In particular, to establish jurisdiction over a constructive suspension on the basis of intolerable working conditions, an appellant must show that a reasonable person would have felt compelled to absent himself under the conditions and that the agency was culpable for these conditions. *Id.*, ¶ 20. In a constructive adverse action appeal such as this, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

<u>We modify the initial decision to find that the appellant failed to nonfrivolously allege that the actions of his acting supervisor would cause a reasonable person to absent himself.</u>

As to the appellant's claim that his acting supervisor created intolerable working conditions that caused him to take LWOP, the administrative judge

found that the appellant had a meaningful choice whether to work and "[i]t is not the fault of the agency if a 24 year Postal employee has no available sick leave to cover his absences." ID at 6. The appellant disputes that his sick leave balance is relevant to whether he was constructively suspended. PFR File, Tab 1 at 11. We agree.

If an agency requires or forces an employee to take leave, his resulting absence may be a constructive suspension. *Thomas*, 123 M.S.P.R. 628, ¶ 14. For example, the Board has found that an appellant nonfrivolously alleged that she was constructively suspended when an agency required her to either report to a workplace that violated her medical restrictions or take leave. *Id.* Here, the appellant did not allege that his absence resulted from his lack of sick leave. IAF, Tab 1 at 17, Tab 7 at 6. Nor did he claim that the agency forced him to take leave in general, or forced him to use unpaid leave as opposed to using paid leave in particular.[2] IAF, Tab 1 at 17, Tab 7 at 6. Therefore, we agree with the appellant that the administrative judge erred to the extent she considered the appellant's sick leave balance in assessing his claim. PFR File, Tab 1 at 11; ID at 6-7. Nonetheless, because we agree with the administrative judge as to the outcome of this appeal, her error does not state a basis to reverse the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The administrative judge also found that the appellant had a meaningful choice as to whether to work. ID at 6-7. The appellant alleged below that the agency forced him to absent himself because of intolerable working conditions which caused him acute anxiety and severe stress. IAF, Tab 7 at 6. On review, he continues to assert he was medically unable to work during the period at issue, PFR File, Tab 1 at 7-8.

---

[2] The appellant did not have any available sick leave. IAF, Tab 9 at 53, Tab 10 at 29. However, the record suggests that he had available annual leave. IAF, Tab 9 at 53, Tab 10 at 29.

To the extent that the administrative judge found that the appellant failed to nonfrivolously allege that he had no choice but to be absent from work, we disagree. ID at 6. The record below contains a statement from his health care provider that he was unable to work beginning on October 25, 2019, due to his anxiety and stress. IAF, Tab 9 at 55. This statement is sufficient evidence to meet the appellant's burden to nonfrivolously allege that he had no choice but to be absent. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 10 (2015) (finding that an appellant lacked a meaningful choice as to whether to be absent during an alleged constructive suspension when his psychological condition precluded him from reporting to work), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

Nonetheless, we find that the appellant failed to meet his jurisdictional burden. To establish jurisdiction over a constructive suspension on the basis of intolerable working conditions, an appellant must show that a reasonable person would have felt compelled to absent himself under the conditions and that the agency was culpable for these conditions. *Savage*, 122 M.S.P.R. 612, ¶ 20. We find that the appellant failed to nonfrivolously allege that the agency created intolerable working conditions that would have compelled a reasonable person in his position to take leave from work.

The appellant asserted in a declaration made under penalty of perjury that his acting supervisor had been harassing him "for some time" when, "earlier in October of 2019," the supervisor invited him to fight on the workroom floor. IAF, Tab 7 at 7. Vague, conclusory, or otherwise unsupported allegations do not satisfy the Board's nonfrivolous pleading standard. *See Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶¶ 10-11 (2009) (finding that an appellant's allegations that coworkers "spread[ ] rumors" about him because they were "trying to get back at [him] for some reason" were vague and general, thus falling short of nonfrivolous allegations of intolerable working conditions that could establish jurisdiction over his allegedly forced resignation); *Dodson v. U.S.*

*Postal Service*, 67 M.S.P.R. 84, 87 (1995) (finding that the appellant failed to set forth specific assertion of fact, which, if proven, would support her claim that her retirement resulted from "duress" and "misinformation"); *Collins v. Defense Logistics Agency*, 55 M.S.P.R. 185, 189-90 (1992) (finding, in the context of an appeal in which the appellant argued that she was forced to resign because of discrimination and retaliation, that her failure to make allegations specifying the particular acts of harassment, discrimination, or retaliation directed toward her warranted dismissing the appeal for lack of jurisdiction without affording her a jurisdictional hearing), *modified on other grounds by Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329-30 (1994); 5 C.F.R. § 1201.4(s)(1) (providing that a nonfrivolous allegation is one that is more than conclusory). Accordingly, the appellant's bare allegation that he was harassed by his supervisor "for some time" is insufficient to indicate that the agency subjected him to intolerable working conditions.

The appellant's declaration also fails to discuss with any specificity his acting supervisor's alleged invitation to fight, IAF, Tab 7 at 6, though there are some details about that incident in the record. In particular, the record contains the notes of the appellant's manager from her discussion with him on October 17, 2019, and a complaint the appellant filed with the agency's Office of the Inspector General (OIG) on October 31, 2019, IAF, Tab 10 at 25-26, 47-48. The appellant stated in his OIG complaint that his acting supervisor gave him instructions in an "unacceptable" manner, which made the appellant feel that he had to walk away. *Id*. at 26, 47. As the appellant walked away, he said that he was going to go see a manager, at which point the acting supervisor asked the appellant what he said. *Id*. The appellant turned around, and his acting supervisor then said, "Here I am. Here I am. I'm right here." *Id*. at 26. At the time, the acting supervisor allegedly pointed a parcel or mail piece that he was

holding in the appellant's face.[3] *Id*. at 47. During the October 17, 2019 meeting about the incident with his manager, the appellant was asked if he felt unsafe, and he replied, "No, I just don't trust him, I am not afraid of him. I'm afraid of losing my job." *Id*. The appellant and his acting supervisor agreed during that meeting that they would be able to continue working together. *Id*.

The appellant has not indicated that his prior descriptions of the October 4, 2019 incident are inaccurate or otherwise provided the Board with a separate account of the incident. Even if proven, these alleged facts would not establish that a reasonable person in the appellant's position would have no choice but to take leave. Difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (2011), *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2012); *cf. Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (holding that "the doctrine of coercive involuntariness is a narrow one"). The appellant continued working for 3 weeks after the incident and stated approximately 1 week before he began absenting himself that he did not feel unsafe or afraid of the acting supervisor and that he could continue working with him. IAF, Tab 7 at 47. Accordingly, the October 4, 2019 incident would not cause a reasonable person in the appellant's position to feel that he had no choice but to be absent beginning on October 25, 2019.

On review, the appellant seems to cite to a grievance worksheet completed by a union steward on his behalf and contained in the record below. PFR File, Tab 1 at 4; IAF, Tab 1 at 24. In addition to referring to the October 4, 2019 incident, the worksheet indicates that on October 18, 2019, the appellant's acting supervisor walked past the appellant while "shaking his radio and laughing at him." IAF, Tab 1 at 24. Even if proven, this incident would not cause the

---

[3] The appellant identified the item his acting supervisor was holding as "a long IPP." IAF, Tab 10 at 47. IPP is an acronym for an irregular parcel or mail piece. U.S. Postal Service, Publication 32, Glossary of Postal Terms, List of Acronyms/Abbreviations (July 2013), https://about.usps.com/publications/pub32/ (last visited July 31, 2024).

reasonable person to feel compelled to take leave. *See Brown*, 115 M.S.P.R. 609, ¶ 15.

The appellant further asserted that he was "physically intimidated" by his supervisor on October 25, 2019, leading him to suffer a reaction of acute anxiety and severe stress. IAF, Tab 7 at 6. But the appellant fails to describe this event in any detail. On review, the appellant's representative indicates that on October 25, 2019, the supervisor "harassed [the] [a]ppellant further and violated his personal space." PFR File, Tab 1 at 4. However, this description is still too conclusory to support a finding that the appellant was subjected to working conditions that would cause a reasonable person in his position to be compelled to take leave. *See Collins*, 55 M.S.P.R. at 189-90. Even considering all of the appellant's assertions as a whole, we find that he has failed to nonfrivolously allege that he was subjected to working conditions from which a reasonable person would have felt compelled to absent himself.

In addition to alleging intolerable working conditions, the appellant has asserted that the agency discriminated against him by failing to accommodate his disability. IAF, Tab 1 at 17. The administrative judge did not address this claim, and the appellant does not repeat it on review. An appellant can establish a constructive suspension claim on the basis that he absented himself because the agency improperly denied his reasonable accommodation request. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 14 (2013). Here, however, the appellant has failed to allege that he requested accommodations that would have allowed him to continue working. Accordingly, the appellant's conclusory assertion that the agency failed to accommodate his disability does not constitute a nonfrivolous allegation that the agency coerced him into absenting himself. *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (finding that an appellant nonfrivolously alleged her resignation was involuntary when it followed the agency's denial of her request to telecommute, which her doctor indicated would have permitted her to continue working); *Mengine v. U.S. Postal Service*,

82 M.S.P.R. 123, ¶¶ 7, 12 (1999) (rejecting the appellant's argument that his disability retirement was involuntary on the basis of a failure to accommodate when he failed to nonfrivolously allege that there was an accommodation available that would have allowed him to continue his employment).

<u>The appellant failed to nonfrivolously allege that the agency's delay in providing the Form CA-16 caused his continued absence.</u>

In addition to asserting that he was coerced into absenting himself, the appellant argues that the agency's delay in providing the Form CA-16 forced him to continue to be absent. PFR File, Tab 1 at 8-11. He raised the same argument below, and the administrative judge found that the appellant also bore responsibility for obtaining this form and that the agency's delay in providing it did not satisfy his burden of proof. ID at 6; IAF, Tab 7 at 6. We need not reach the issue of whether the appellant was responsible for obtaining the Form CA-16 because, as discussed below, he failed in any event to nonfrivolously allege that the agency's delay in providing it forced him to remain absent. We modify the initial decision accordingly.

The appellant indicated that the agency's denial of the Form CA-16 prevented him from receiving medical care and delayed his ability to return to work. IAF, Tab 7 at 6. However, the only specific allegation he provides along these lines is that he was "turned away from health care providers when [he] told them [his] need for medical care was caused by an injury at work." *Id*. The appellant did not explain how the lack of the Form CA-16 prevented him from obtaining medical treatment. *Id*. To the extent that he is alleging that a health care provider or providers declined to treat him without the form, we find that such an allegation fails to meet the nonfrivolous pleading standard because it is both conclusory and implausible on its face. *See* 5 C.F.R. § 1201.4(s). The Form CA-16 merely guarantees payment by the Federal Government for certain medical examinations and treatments. https://www.dol.gov/owcp/dfec/fec-faq.htm. We are unaware of any authority or practice which would require a health care

provider to possess the form before they could treat an individual for a condition, regardless of the cause.

To the extent that the appellant implies that he could not afford to treat his medical condition and needed the Form CA-16 so that the Federal Government would be obliged to pay for it, he has failed to make such an assertion or provide any factual allegations in support of it. Further, the appellant ultimately provided a note to the agency from what appeared to be his treating health care provider, belying any claim that he was unable to receive treatment. IAF, Tab 9 at 55. Thus, such a claim similarly fails to satisfy the nonfrivolously pleading standard. *See* 5 C.F.R. § 1201.4(s)(1). Accordingly, we find that the appellant failed to nonfrivolously allege that he needed the Form CA-16 in order to obtain treatment that would allow him to return to work. We therefore need not reach whether the agency's delay in providing the form was wrongful.[4]

Because the appellant's allegations fell short of nonfrivolously alleging he suffered a constructive suspension, we affirm the administrative judge's determination that he was not entitled to a hearing, as modified above.[5] ID at 1-2, 11.

---

[4] On review, the appellant contends that during the proceedings below the agency raised arguments and assertions which "besmirch[ed] his good name," and he takes issue with the fact that the administrative judge acknowledged them in her initial decision. PFR File, Tab 1 at 11. To the extent that the appellant is alleging that the administrative judge was biased, we are not persuaded. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has alleged no such comments or actions.

[5] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. See 29 C.F.R. § 1614.302(b).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.